DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from the Lucas County Court of Common Pleas. There, appellant was convicted of aggravated vehicular assault. Because we conclude there was sufficient evidence by which the jury could have found appellant guilty as charged and she was not prejudiced by prosecutorial misstatements, we affirm.
 {¶ 2} Appellant is Charmaine Bassett. On June 12, 2000, appellant was in a westbound Ford which crossed the centerline, striking an eastbound car nearly head on. Although a witness saw appellant emerge from the driver's side of the Ford, appellant denied that she was the driver. She told police the driver was a male companion who had jumped from the car and fled the scene. Police found an open container of an alcoholic beverage in the Ford and reported that appellant smelled of alcohol and appeared "hyper" and prone to wander at the scene. Blood drawn from appellant approximately two hours after the accident, however, tested negative for alcohol. What was found in appellant's blood was benzoylecgonine, a metabolite of cocaine.
 {¶ 3} Appellant was charged in a single count indictment with aggravated vehicular assault in violation of R.C. 2903.08(A). She pled not guilty and the matter proceeded to a trial before a jury, which found her guilty as charged. This appeal followed.
 {¶ 4} Appellant sets forth the following five assignments of error:
 {¶ 5} "Assignment of error No. 1
 {¶ 6} "There is insufficient evidence to sustain the conviction because there is no evidence that Ms. Bassett was under the influence of either alcohol or a drug of abuse or both at the time of the accident.
 {¶ 7} "Assignment of error No. 2
 {¶ 8} "The conviction was against the manifest weight of the evidence because the evidence clearly does not support the view that Ms. Bassett was under the influence of either alcohol or a drug of abuse or both at the time of the accident.
 {¶ 9} "Assignment of error No. 3
 {¶ 10} "The prosecutor committed misconduct and confused the jury into reaching the wrong verdict by misstating the law during voir dire and opening statement.
 {¶ 11} "Assignment of error No. 4
 {¶ 12} "Ms. Bassett was denied the effective assistance of counsel when her attorney failed to object to the improper statements of the law made by the prosecutor during voir dire and opening statement.
 {¶ 13} "Assignment of error No. 5
 {¶ 14} "The trial court erred when it told the jury that it would not be permitted to ask questions of witnesses."
 I. {¶ 15} In her first two assignments of error, appellant challenges the sufficiency of the evidence against her and suggests the jury's verdict was against the manifest weight of the evidence.
 {¶ 16} In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offensecharged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; State v. Barns (1986),25 Ohio St.3d 203.
 {¶ 17} In material part, R.C. 2903.08 provides that:
 {¶ 18} "(A) No person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another person or another's unborn in either of the following ways:
 {¶ 19} "(1) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance * * *."
 {¶ 20} R.C. 4511.19(A)(1) prohibits operating of any vehicle while under the influence of alcohol or a drug of abuse.
 {¶ 21} Appellant argues that, irrespective of police reports that she smelled of alcohol, blood tests revealed no alcohol in her system. Neither did the blood test reveal any other drug of abuse, only benzoylecgonine, a metabolite of cocaine. All the presence of benzoylecgonine shows is that, within 48 hours of the taking of appellant's blood sample, she had cocaine in her system. This, according to appellant, is insufficient to establish that she had cocaine in her system at the time of the collision. Therefore, appellant asserts, there was insufficient evidence to establish an R.C. 4511.19(A)(1) violation which is an essential element of an R.C. 2903.08 offense.
 {¶ 22} The science of appellant's argument is based wholly on the testimony of the state's forensic toxicologist, Dr. Robert Forney. Appellant's view of this evidence, however, is somewhat myopic. Dr. Forney testified that cocaine remains in an individual's blood for a relatively short period of time because agents in the blood break down cocaine, forming derivative chemical compounds, including benzoylecgonine. Since the chemicals which metabolize cocaine are in the blood itself, Dr. Forney testified, metabolization continues even after a sample is drawn. Consequently, it is unremarkable that when appellant's blood sample was analyzed, several days after it was drawn, only a cocaine derivative was found. According to Dr. Forney, it is not possible to accurately compute at any time what the amount of cocaine in the blood was at any other time. There was no scientific evidence presented to rebut that opinion. Therefore, the discovery of benzoylecgonine in appellant's blood indicates that cocaine was present in her system at the time of, or prior to, the drawing of her blood sample. This testimony, although not conclusive that appellant did have cocaine in her system at the time of, or shortly after the accident, is not consistent with appellant's assertion that "almost certainly [appellant] had no cocaine in her system at the time of the accident."
 {¶ 23} As the state points out, the blood test shows that some time prior to taking the test sample, appellant used cocaine. Moreover, a police officer from the accident scene testified that following the collision appellant was "hyper," a condition consistent with cocaine use according to Dr. Forney. Another officer at the scene reported appellant was "* * * like kind of wandering off * * *" during the investigation.
 {¶ 24} The testimony of witnesses to appellant's conduct at the scene, together with the testimony concerning the presence and import of a cocaine derivative in her blood, is sufficient for a reasonable trier of fact to conclude that appellant was under the influence of cocaine at the time of the accident. State v. Hodge (Nov. 29, 1999), Butler App. No. CA99-01-001. Accordingly, appellant's first and second assignments of error are not well-taken.
 II. {¶ 25} In her third and fourth assignments of error, appellant complains of prosecutorial comments made during voir dire and opening statements. Twice during voir dire and once in its opening statement, the state suggested that it need only show that appellant had cocaine in her system to prove that she was impaired. This is not the law, appellant insists, and it was prosecutorial misconduct to suggest that it is. Moreover, appellant contends, appellant's trial counsel provided ineffective assistance of counsel by failing to object to the prosecution's improper remarks. Evidence of the prejudicial effects of these statements, appellant argues, is a jury question during deliberations which asked if it was necessary to find that appellant was "both driving and impaired or only that she was driving."
 {¶ 26} Appellant is, of course, correct. The state has the burden to show that a defendant was under the influence of a drug of abuse at the time he or she was operating a motor vehicle to make out a violation of R.C. 4511.19(A)(1) as the base for an R.C. 2903.08 offense. However, a jury is presumed to follow the instructions given to it by the trial judge. State v. Stallings (2000), 89 Ohio St.3d 280, 286; State v. Loza
(1994), 71 Ohio St.3d 61, 79. Appellant does not suggest that the trial court's jury instructions as to the legal standards in this case were erroneous. Moreover, appellant has directed our attention to nothing which would suggest that the jury did not follow the trial court's instructions. Consequently, irrespective of how erroneous the prosecutor's comments at voir dire and during opening statements were, appellant has not shown that she was prejudiced by these statements in any way. Accordingly, appellant's third assignment of error is not well-taken. Since prejudice is also an essential element in a claim of ineffective assistance of counsel, Strickland v. Washington (1984),466 U.S. 668, 687, appellant's fourth assignment of error is also not well-taken.
 {¶ 27} III.
 {¶ 28} In her final assignment of error, appellant complains that the trial court erred in informing jurors that they would not be permitted to ask questions of witnesses during the trial. The state concedes that an absolute prohibition of juror questions is contra to this court's holding in State v. Ernest (Oct. 29, 1982), Sandusky App. No. S-82-7, but suggests that such an error is harmless.
 {¶ 29} Crim.R. 52(A) directs that any "error, defect, irregularity or variance which does not affect substantial rights" is harmless and shall be disregarded. In this matter, we agree with the state that the evidence against appellant was of such a substantial nature that it is inconceivable that the negation of the jurors' ability to question witnesses altered the result of the trial. State v. Lytle (1976),48 Ohio St.2d 391, 403. Accordingly, appellant's fifth assignment of error is not well-taken.
 {¶ 30} On consideration whereof, the judgment of the Lucas County Court to Common Pleas is affirmed. Also before the court is a post oral argument motion for bond and a stay of execution pending the results of this appeal. The motion is not well-taken and is, hereby, denied. Costs to appellant.
JUDGMENT AFFIRMED.
Knepper and Pietrykowski, JJ., concur.